23 C.C.P.A. (Patents)

## In re NELSON. *

### Patent Appeal. No. 3601.

Court of Customs and Patent Appeals.
April 6, 1936.

Fricke & DeBusk, of Chicago, Ill. (Leslie W. Fricke, of Chicago, Ill., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant, William K. Nelson, filed his application in the United States Patent Office for a patent on certain claimed improvements in lime products. The claims of the applicant, 36 to 41, inclusive, were rejected by the Examiner and, on appeal, by the Board of Appeals.

The rejection by the Examiner was upon the following references: Kapferer and Weber, 1,180,775, April 25, 1916; (Swiss) Kapferer, 58,856, August 26, 1911; Austin, "Calcareous and Hydraulic Limes and Cements," published in 1862 by Trubner & Co., London, p. 133.

The appellant's application is for a patent on a product. No process claims are involved. The product is a putty for the third or final coat of plaster, and consists of a putty composed of lime, either quick or hydrated, to which is added a small amount of a carbohydrate substance "selected from the group consisting of starch, wheat flour, dextrine and gum arabic."

The claimed patentable subject-matter is well defined by claims 36 and 38 of the application, which are typical and are as follows:

"36. A dry compound suitable, when mixed with water, for making the herein described viscous, easily spreadable, non-short working lime putty and consisting of a material selected from the group consisting of quick lime and hydrated lime, and a carbohydrate substance selected from the group consisting of starch, wheat flour, dextrine and gum arabic, said substance being intimately incorporated with said material to increase its water carrying capacity and its plasticity."

"38. A dry compound suitable, when mixed with water, for making the herein described viscous, easily spreadable, non-short working lime putty and consisting of a material selected from the group consisting of quick lime and hydrated lime, and ¼ of 1% to 1% by weight, with respect to said material, of starch, the starch being intimately incorporated with said material to increase its water carrying capacity and its plasticity."

It will be observed from the quoted claims that the object supposed to be attained by appellant's claimed invention is a putty which has an increased water-carrying capacity and plasticity because of the addition of starch to the compound.

The appellant filed in the Patent Office an affidavit tending to show commercial success.

The United States patent to Kapferer et al. discloses certain improvements in methods of improving the permeability to air of dry plastering-mortar. The process disclosed by the patentees consists of adding fats or oils to the mortar mixture and, at the same time, adding starch. The patent recites: " * * * The starch or other highly molecular organic substances which are added in form of a fine powder will increase the elasticity of the mortar without any need of increasing the quantity of water. On the other hand the starch will also render the finished mortar proof against water."

The Swiss patent to Kapferer appears in the record in the form of a translation. This patent also describes a process for the "making of dry finishing mortar of particularly great permeability to air." The process described is much as in the United States patent, namely, an addition

*Appellant's petition for rehearing denied May 4, 1936.

of fats or oils to the mixture of lime and mortar, and also an admixture of starch. As to this starch, the translation of the patent recites: " * * * At the same time, some starch is added. The mixture is then, best after the drying, mixed with the granular, stony and finely pulverized admixtures. The added starch improves the flexibility of the mortar without increasing the addition of water. A similar effect to that with starch can also be obtained with other high molecular, organic substances."

The Examiner states that the German text, in alluding to the effect of added starch, uses the word "geschmeidigkeit," which word, in the translated version hereinbefore quoted, is rendered as "flexibility." The Examiner was of the opinion that the German text might properly be translated as "plasticity." An examination of the original test confirms the statement of the Examiner as to the use of the word "geschmeidigkeit." The language is: "Die zugesetzte Stärke verbessert die Geschmeidigkeit des Mörtels ohne Erhöhung des Wasserzusatzes." According to A New German and English Dictionary, prepared by Karl Breul, and published in 1914, "geschmeidigkeit" is thus defined: "Maleability; tractability; suppleness, flexibility."

In the remaining reference, a work by Austin on "Calcareous and Hydraulic Limes and Cements," published in 1862, in a portion of the work giving various recipes, the author states the following: "Plaster of Paris, with an admixture of one tenth part of rust of iron, or iron scales or filings, makes a water-cement which sets very quickly and is of great hardness, and if boiled potatoes be incorporated with mortar of lime and sand or with mortar containing burnt clay, these compositions will be much improved."

The appellant argues that the reference patents added the starch for an entirely different purpose than does the appellant here, and that therefore these patents ought not to be treated as anticipations of his disclosure. However, it appears to the court that the tribunals of the Patent Office came to the proper conclusion in the matter. Starch was added by the patentees, and is recommended to be used by Austin for the purpose of increasing the flexibility, easy working, and plasticity of the mortar or putty, as the case may be, and, so far as we are able to discern, no other object is accomplished by the application here involved. While the oil in the patents may be added for another purpose, we are unable to see wherein it would be inventive to omit the oil so long as the starch is added to accomplish the same purpose as appellant has in mind.

It is contended by appellant that the Austin reference should be so read as to apply to the addition of starch or potatoes to a mixture of plaster of paris with an admixture of one-tenth of rust of iron, or iron scales or filings. We do not so read the language, but are of opinion that the latter portion of the sentence, following the comma, introduces a separate recipe for improving the quality of mortar of lime and sand.

We are of opinion that the Board of Appeals came to the correct conclusion, and its decision is affirmed.

Affirmed.